**NOT FOR PUBLICATION**                                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Criminal No. 07-376(SRC)** |
| v. | : | |
| | : | **OPINION** |
| DARREN SMITH | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant Darren Smith ("Defendant" or "Smith") challenging his restitution and payment thereof (docket item 44). The United States of America has opposed this motion (docket item 45). After consideration of the parties' briefing, the Court has determined that it will deny Defendant's motion. In the following discussion, the Court gives its reasons for the decision.

## I.    BACKGROUND

On February 11, 2009, Defendant was sentenced and Ordered to pay restitution "due immediately" and "[i]n the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $100, to commence 30 days after release from confinement." On July 9, 2009, Defendant

inquired about the status of his motion seeking exemption from the Inmate Financial

Responsibility Program ("IFRP") (docket item 35).  The Court reminded Defendant that by Order

dated November 6, 2008, the Court denied Defendant's motion seeking exemption from the

IFRP (docket item 37).  The Court also advised that, pursuant to Fed. R. Crim. P. 35, the Court

lacks jurisdiction to grant the requested relief.  Specifically, the Court stated that the "terms and

conditions under which the Federal Bureau of Prisons runs its prison programs are not the subject

orders of this Court." (docket item 43).  In response, the Defendant filed the instant letter stating

that the Court does have jurisdiction and that the Court may not delegate its authority to set the

amount and timing of a fine to the Bureau of Prisons (docket item 44).  Defendant requests an

exemption from any payment of his restitution while incarcerated, or, a payment schedule based

on his monthly income.  The United States of America opposed this letter (docket item 45).  The

Court disagrees with the Defendant and holds that the Court did not inappropriately delegate its

authority.  Furthermore, the Court also holds that the Defendant's repayment schedule shall

continue as Ordered by this Court on February 11, 2009.

II.    DISCUSSION

    A. THE COURT DID NOT INAPPROPRIATELY DELEGATE ITS AUTHORITY

Defendant cites several cases for the proposition that a District Court may not delegate its

responsibility for determining the amount and timing of restitution payments.  See United States

v. Miller, 77 F 3d. 71, 77 (4th Cir. 1996); United States v. Kassar, 47 F. 3d 562, 568 (2d Cir.

1995); United States v. Workman, 110 F. 3d. 915, 918 (2d Cir. 1997).  The Court agrees with the

limited proposition that a Court cannot delegate all authority regarding fine repayment.

However, this is not what this Court has done.  In Kassar, for example, the District Court

imposed a fine payable pursuant to a schedule "to be set by the probation department."  Kassar, 47 F.3d at 565.  In Workman, the District Court ordered that Defendant "make timely installments on a schedule fixed by the Bureau of Prisons."  Workman, 110 F.3d at 918.  The Court agrees that this type of delegation is improper.  Here, however, the Court ordered restitution "due immediately" and "[i]n the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $100, to commence 30 days after release from confinement."   The Court Ordered payment due immediately and provided terms of any installment plan.  This type of restitution Order was upheld by the Third Circuit in United States v. Walker, 149 Fed. Appx. 55, 56 (3d Cir.  2005).  In Walker, the Court held that where payment is Ordered "due immediately," as it is here, it is appropriate for the Bureau of Prisons ("BOP") to administer payment through an IFRP.  Id. at 56-57 (holding that "there is simply no conflict between paying a restitution order directing immediate payment and the BOP initiating an IFRP payment plan.").

The Court does agree with Defendant, however, that this Court does have the ability to alter the restitution plan.  See, e.g., United States v.  Knight, 315 Fed. Appx. 435, 437 (3d Cir. 2009);  United States v. Yousef, 327 F.3d 56 (2d Cir. 2003); 18 U.S.C.A. § 3664(k).  The Court, however, holds that, as there has not been a material change in Defendant's ability to pay restitution, the Court will not alter the restitution schedule.  In other words, Defendant's financial status is not any different from that which the Court contemplated when it originally Ordered restitution.  Knight, 315 Fed. Appx. at 437.  For example, Defendant asserts that he has three children and rent must be provided for his family.  The Court believes that these circumstances existed when restitution was initially imposed, and that any changes are not material.  Therefore,

3

the Court will not alter the restitution schedule.

**III.    CONCLUSION**

   Defendant's request for an exemption from any payment of his restitution while incarcerated, or, in the alternative, a payment schedule based on his monthly income be and hereby is denied.  An appropriate Order will be filed.


             s/Stanley R. Chesler
            STANLEY R.  CHESLER
            United States District Judge


DATED: November 23, 2009